**Julian McMillan (SBN241937)**
**McMillan Law Group, APC**
4655 Cass St., Suite 404
San Diego, CA 92109
PH: 619.795.9430
FX: 619.241.8291

Attorney for Plaintiff
Sarah Lemke

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sarah Lemke, an individual<br><br>Plaintiff<br><br>v.<br><br>Ford Motor Company, Inc., a Delaware Corporation.<br><br>Defendant<br>_____ | Case No.: **'23CV0201 H   NLS**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

**JURISDICTION**

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiff is a citizen of the State of California.

2. This Court further has subject matter jurisdiction over this matter as Plaintiff brings claims under 15 U.S.C. §2310 *et. seq.*

3. This Court further has supplemental jurisdiction pursuant to 15 U.S.C. § 1367 over Plaintiff's state law causes of action as they arise out of the same case or controversy and are intertwined and interrelated.

4. Defendant, Ford Motor Company, is a Delaware corporation incorporated in and existing under the laws of the state of Delaware and having its principal place of business in Delaware.

**PARTIES**

5. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff, Sarah Lemke.

6. Defendant Ford Motor Company, Inc. is and was a Delaware corporation doing business in the County of San Diego, State of California. At all times relevant, Defendant Ford Motor Company, Inc was/is engaged in the business of marketing, selling and/or distributing Ford Motor Company, Inc. vehicles. Hereinafter, "Defendant".

7. All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

8. Each Defendant whether actually or fictitiously named herein, was the principal agent (actual or ostensible) or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or

1  agency, took some part in the acts and omission hereinafter set forth by reason of
2  which each Defendant is liable to Plaintiff for the relief prayed for herein.
3        9.      The claims identified in this Complaint arise out of the sale of a
4  vehicle from Mossy Ford, located in San Diego, in the County of San Diego, State
5  of California, as well as the failure to repair said vehicle by Defendant Ford Motor
6  Company.

## FIRST CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: DEFENDANT'S BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY 15 U.S.C §2310(d) AND CAL. CIV. CODE §1794

12        10.     On or about March 11, 2021, Plaintiff purchased a 2021 Ford
13  Bronco Sport (VIN: 3FMCR9B69MRA26672) (hereafter "Vehicle") which was
14  manufactured, distributed, or sold by Defendant. The total consideration which
15  Plaintiff paid or agreed to pay, including taxes, license and finance charges is
16  $42,116.28. The Vehicle was purchased primarily for personal, family, or
17  household purposes. Plaintiff purchased the Vehicle from a person or entity
18  engaged in the business of manufacturing, distributing, or selling consumer goods
19  at retail.
20        11.     In connection with the purchase, Plaintiff received an express
21  written warranty in which Defendant undertook to preserve or maintain the utility
22  or performance of the Vehicle or to provide compensation if there is a failure in
23  utility or performance for a specified period of time. The warranty provided, in
24  relevant part, that in the event a defect developed with the Vehicle during the
25  warranty period, Plaintiff could deliver the Vehicle for repair services to
26  Defendant's representative and the Vehicle would be repaired.
27        12.     During the warranty period, the Vehicle contained or developed
28  various defects including a defect which indicates that the Vehicle was sold with a

litany of issues which render the Vehicle unsafe to operate. Plaintiff does not feel he can rely on the Vehicle for safe operation.

13. Pursuant to 15 U.S.C. § 2301 and Cal. Civ. Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express warranty provided by Defendant.

14. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) the Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) the Vehicle is adequately contained, packaged, and labeled; and (4) the Vehicle will conform to the promises or affirmations of fact made on the container or label.

15. Within a matter of weeks of the purchase, or during the period in which the implied warranty was in effect, the Vehicle contained or developed defects stated in paragraph 12 above. The existence of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

16. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In addition, Plaintiff seeks the remedies set forth in California Civil Code §1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

17. Plaintiff was damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and Civil Code §1794.

18. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SECOND CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: BREACH OF THE IMPLIED WARRANTY OF FITNESS 15 U.S.C. §2310(d) AND CAL. CIV. CODE. § 1794

19. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

20. Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

21. Pursuant to 15 U.S.C. § 2301 and pursuant to Cal. Civ. Code. § 1792.1, the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

22. Within weeks of the purchase, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 14 above. The existence of each of these defects constitutes

breach of the implied warranty because the Vehicle is not fit for Plaintiff's purpose.

23. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

24. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## THIRD CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: BREACH OF EXPRESS WARRANTY 15 U.S.C. § 2310(d) AND CAL. CIV. CODE §1794

25. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

26. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time.

27. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code §1794.

28. Defendant's failure to comply with its obligations under the warranty was willful, in that Defendant and its representatives were aware of their obligations to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. As well, Defendant was aware of the defect when Plaintiff purchased the Vehicle. Accordingly, Plaintiff is entitled to a civil

penalty of two times actual damages pursuant to Cal. Civ. Code § 1794(c) and 15 U.S.C. § 2310(d).

29. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant to thereto by the Federal Trade Commission.

## FOURTH CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: FAILURE TO PROMPTLY REPURCHASE PRODUCT 15 U.S.C. § 2310(D) AND CAL. CIV. CODE § 1793.2(d)

30. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

31. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore Plaintiff brings this claim pursuant to § 1794.

32. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1 (a)(2), and therefore brings this claim pursuant to § 1794.

33. The provisions of Civil Code § 1793.2(d) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

34. Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant and its representative were aware that they were and

1 are unable to service or repair the Vehicle to conform to the applicable express
2 warranties after a reasonable number of repair attempts, yet Defendant failed to
3 promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled
4 to a civil penalty of two times Plaintiff's actual damages pursuant to §1794(c) and
5 15 U.S.C. § 2310(d)

6     35.    Defendant does not maintain a qualified third-party dispute
7 resolution process which substantially complies with § 1793.22. Despite
8 Defendant's violation of § 1793.2(d) and its notice thereof, Defendant failed to
9 comply with its obligations within a reasonable time. Accordingly, Plaintiff is
10 entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil
11 Code § 1794(e) and 15 U.S.C. § 2310(d).

12     36.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c)
13 and (e) in the alternative and does not seek to cumulate civil penalties as provided
14 in § 1794(f).

15     37.    Defendant does not maintain an informal dispute resolution
16 mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the
17 rules and regulations adopted pursuant thereto by the Federal Trade Commission.

18

19 **FIFTH CLAIM FOR RELIEF BY PLAINTIFF AGAINST**
20 **DEFENDANT: FAILURE TO COMMENCE REPAIRS WITHIN A**
21 **REASONABLE TIME AND TO COMPLETE THEM WITHIN 30**
22 **DAYS 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

23     38.    Plaintiff incorporates by reference the allegations contained in all
24 paragraphs stated above.

25     39.    Although Plaintiff delivered the Vehicle to Defendant's
26 representative in this state, Defendant and its representative failed to commence
27 the service or repairs within a reasonable time and failed to service or repair the
28

1  Vehicle so as to conform to the applicable warranties within 30 days, in violation
2  of Civil Code § 1793.2(b).

3      40.    Plaintiff has been damaged by Defendant's failure to comply with its
4  obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to
5  §1794.

6      41.    The provisions of Civil Code § 1793.2(b) existed at the time the
7  Defendant gave the express warranty and for that reason those provisions were
8  incorporated into the terms of the express warranty by operation of California law.
9  Accordingly, Defendant's violation of § 1793.2(b) was a breach of the terms of the
10 express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. §2310(d).

11     42.    Defendant's failure to comply with its obligations under § 1793.2(b)
12 was willful in that Defendant and its representative were aware that they were
13 obligated to service or repair the Vehicle to conform to the applicable express
14 warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is
15 entitled to a civil penalty of two times Plaintiff's actual damages pursuant to
16 §1794(c) and 15 U.S.C. § 2310(d).

17     43.    Defendant does not maintain an informal dispute resolution
18 mechanism which complies with the requirements of 15 U.S.C. §2310(a) and the
19 rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT: NEGLIGENT REPAIR

23     44.    Plaintiff incorporates by reference the allegations contained in all
24 paragraphs stated above.

25     45.    Defendant owed a duty to Plaintiff to use ordinary care and skill in
26 storage, preparation, and repair of the Vehicle in accord with industry standards.
27 Defendant, in failing to properly repair the vehicle, breached that duty of ordinary
28 care and skill.

46. Defendant's negligence was a proximate cause of Plaintiff's damages.

47. Plaintiff took the Vehicle to Defendant's authorized repair facilities a multitude of times. Problems with the Vehicle persisted.

## **PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $42,116.28.
2. For restitution to Plaintiff in the amount of $42,116.28.
3. On Plaintiff's Third Claim for Relief, for a civil penalty in the amount of $84,232.56, which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).
4. On Plaintiff's Fourth Claim for Relief, for a civil penalty in the amount of $84,232.56, which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).
5. On Plaintiff's Fifth Claim for Relief, for a civil penalty in the amount of $84,232.56, which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).
6. On Plaintiff's Eighth Claim for Relief, for a civil penalty in the amount of $84,232.56, which is two times Plaintiff's damages under Cal. Civ. Code. § 1794(c).
7. For any consequential and incidental damages.
8. For costs of the suit and Plaintiff's reasonable attorney fees pursuant to Civil Code §1794(d) and 15 U.S.C. § 2310(d)
9. For prejudgment interest at the legal rate.
10. And for such other relief as the Court may deem proper.

Dated: 02/03/2023               MCMILLAN LAW GROUP, APC

                                By: /s/Julian McMillan
                                    Julian McMillan, Esq.
                                    Attorney for Plaintiff
                                    Sarah Lemke

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a jury trial on all causes of action asserted herein.

Dated: 02/03/2023                MCMILLAN LAW GROUP, APC


By:   /s/Julian McMillan
      Julian McMillan, Esq.
      Attorney for Plaintiff
      Sarah Lemke